**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 23-4215**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LANCE RICHARDSON PAGAN,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:22-cr-00010-RJC-DSC-1)

_____

Submitted:  October 16, 2025                                     Decided:  October 20, 2025

_____

Before KING, AGEE, and RICHARDSON, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Eugene E. Lester III, LESTER LAW, Greensboro, North Carolina, for Appellant.  Russ Ferguson, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Lance Richardson Pagan of possession with intent to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Pagan to 300 months' imprisonment on the drug conviction and a concurrent term of 120 months' imprisonment on the firearm possession conviction. On appeal, Pagan argues that his firearm possession conviction should be vacated because it violates the Second Amendment. We affirm.

Because Pagan did not preserve his constitutional challenge, we review it for plain error only. *See United States v. Hunt*, 123 F.4th 697, 701 (4th Cir. 2024), *cert. denied*, 145 S. Ct. 2756 (2025). To prevail under the plain-error standard, Pagan must show the presence of an error that is plain and affected his substantial rights. *United States v. King*, 91 F.4th 756, 760 (4th Cir. 2024). "Even if the defendant satisfies this three-prong test, [this court] exercise[s its] discretion to remedy the error only if it seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted). An error qualifies as plain when it is "clear or obvious, rather than subject to reasonable dispute." *United States v. Covington*, 65 F.4th 726, 731 (4th Cir. 2023) (internal quotation marks omitted).

Pagan contends that, following *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022), his firearm possession conviction violates the Second Amendment and should be vacated because it is based on a single prior drug conspiracy conviction-his federal conviction for conspiracy to distribute and possess with intent to distribute cocaine

2

and cocaine base-that was not a violent felony.  Following *Bruen*, however, § 922(g)(1) "is facially constitutional," *United States v. Canada*, 123 F.4th 159, 161 (4th Cir. 2024), and a person convicted of a felony "cannot make out a successful as-applied challenge to [§] 922(g)(1) unless the felony conviction is pardoned or the law defining the crime of conviction is found unconstitutional or otherwise unlawful," *Hunt*, 123 F.4th at 700 (internal quotation marks omitted).  Pagan does not contend that either of these two conditions applies in his case.  *Hunt* also forecloses Pagan's contention that his firearm possession conviction fails to pass constitutional muster because his prior conspiracy conviction was not a violent felony.  *See* 123 F.4th at 700, 703.

Pagan thus fails to establish plain error in his firearm possession conviction. Accordingly, we affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*